FILED
FEBRUARY 3, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT
KC

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Charles Streeter, and Keith Bryant individually and on behalf of a class, | ) ) ) ) | **08 C 732** |
| Plaintiffs, | ) ) ) | No. |
| vs. | ) ) ) | **JUDGE CASTILLO** **MAGISTRATE JUDGE COLE** |
| Sheriff of Cook County, and Cook County, Illinois, | ) ) ) ) ) | |
| Defendants. | ) | |

## COMPLAINT

Now comes the Plaintiffs, by and through their attorneys, Thomas G. Morrissey, Ltd., and Robert H. Farley, Jr., Ltd., and complain of the Defendants as follows:

### INTRODUCTION

1. The Plaintiffs in this case are currently pretrial detainees in Division Five at the Cook County Department of Corrections. As a pretrial detainees at the Jail, the Plaintiffs have been subjected to group strip and cavity searches after returning from Court and will be subject to group strip and cavity searches in the future after returning from Court.

2. The Plaintiffs, as representative of the class seeking injunctive relief are not challenging the defendants' right to conduct strip and cavity searches at the Jail but rather maintains that the searches are unreasonable under the Fourth Amendment because the strip searches in Division Five are conducted in a highly intrusive manner due to the fact that upwards

1

of 45 pretrial detainees are searched together which affords no privacy to the pretrial detainees being searched.

    3. In contrast, the Sheriff provides privacy to the following groups of pre-trial detainees when they are strip searched:

        a) Since 2001, all searches of female detainees returning to the housing division have been conducted with privacy screens and done individually.

        b) Since February, 2007, all searches of newly admitted male inmates have been conducted with privacy screens. Each day approximately 240-300 newly admitted detainees are searched behind privacy screens erected in the hallway of the Receiving, Classification and Diagnosis Center ("RCDC").

        c) As of December 12, 2007 and possibly earlier, the Sheriff has provided privacy to those group of male inmates returning from Court who are housed in Divisions 1, 8, 10. The Jail has erected privacy screens for this group of male inmates when they are strip searched.

    4. The Plaintiffs and the class they seek to represent, are strip searched in the Clothing Room in Division Five upon their return to the Division from Court. The Clothing Room in Division 5 is a large, self-contained room with one door. The Sheriff currently uses the Clothing Room in Division 5 to conduct strip searches of upwards of 45 male inmates at a time without any privacy. Upon entering the room, the men are ordered to line up against the wall, and remove all their clothing. The men are then ordered to extend their arms and legs apart and to squat three or four times. They remain naked in each other's presence for an extend period of time and the room stinks of body odor. The public strip searching of the male detainees in Division Five is unreasonable because the Jail could easily deploy the privacy screens used in the female housing divisions, the hallway of the RCDC and the other housing divisions to provide privacy during these strip searches.

## JURISDICTION

5. This is a civil action for injunctive relief to redress deprivations under color of law of rights, privileges, and immunities secured under the Fourth and Fourteenth Amendments to the United States Constitution, and Title 42 U.S.C. Sections 1983 and 1988.

## CLASS ACTION ALLEGATIONS

6. (a) Plaintiffs bring this action as a class action pursuant to Rule 23 (b) (2) of the Federal Rules of Civil Procedure.

(b) The Class consist of all male inmates who will be subjected to a strip and visual body cavity search in a group setting in Division 5 after returning to the Jail following a court appearance with no privacy.

(c) The class is so numerous that joinder of all persons is impracticable. The practice and policy by the Sheriff is to strip search all male inmates in the Clothing Room of Division 5 when they return from Court in a group setting without affording them any privacy. The Plaintiffs believe that the class probably numbers well over 1,400 persons.

(d) There are questions of law and fact common to the class. These questions predominate over any questions affecting only individual class members. These legal and factual questions include:

> (i) Whether the Sheriff has a policy and practice of strip searching all males inmates returning from Court to the Jail;
>
> (ii) Whether the Sheriff has a policy and practice to afford privacy to some groups of male inmates during strip searches following their return from Court to

3

the Jail;

(iii) Whether similarly situated male inmates are afforded privacy when strip searched following their return from Court to the Jail;

(iv) Whether similarly situated female inmates are afforded privacy when strip searched following their return from Court to the Jail;

(v) Whether the conduct alleged herein is in violation of the Fourth or Fourteenth Amendments to the United States Constitution and Title 42 U.S.C. 1983;

(vi) Whether the Plaintiffs and the members of the Plaintiff class are entitled to injunctive relief.

(e) Plaintiffs' claims are typical of the claims of the class.

(f) Plaintiffs will fairly and adequately protect the interest of all class members as they are members of the class and their claims are typical of the claims of all class members. The plaintiffs are incensed at the treatment accorded the class members and will aggressively pursue the interest of the entire class. Plaintiffs' interest in obtaining injunctive relief for the violation of the constitutional rights and privileges are consistent with and not antagonistic to those of any person within the class.

(g) This matter is brought as a class action pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure because the party opposing the class has acted or refused to act on grounds generally applicable to the class, making appropriate final injunctive relief. The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class which

would establish incompatible standards of conduct for the party opposing the class.

## FACTS AND PARTIES

7. Plaintiff, Charles Streeter is a resident and citizen of the State of Illinois. Since April 30, 2007, the Plaintiff has been an inmate at the Cook County Department of Corrections, awaiting trial. The Plaintiff is currently housed in Division 5 and his next court date is February 8, 2008.

8. Plaintiff Keith Bryant is a resident and citizen of the State of Illinois. Since February 22, 2007, the Plaintiff has been an inmate at the Cook County Department of Corrections, awaiting trial. The Plaintiff is currently housed in Division 5 and his next court date is February 27, 2008.

9. The Plaintiffs will be strip searched in the Clothing Room of Division Five pursuant to the Sheriff's policy and practice following their return to the Jail from court in a group setting with no privacy.

10. Plaintiff Streeter filed a grievance on November 22, 2007 regarding his objections to being strip searched in a group setting without any privacy and on November 27, 2007, Plaintiff Bryant filed a grievance objecting to being strip searched in a group setting. The Plaintiffs have exhausted their administrative remedies and the defendants continue to strip searched them in group setting without any privacy.

11. Defendants are the Sheriff of Cook County and Cook County, Illinois.

12. Since 2001, all searches of female detainees returning to the housing division have been conducted with privacy screens and done individually.

13. Since February, 2007, all searches of newly admitted male inmates have been conducted with privacy screens. Each day approximately 240-300 newly admitted detainees are searched behind privacy screens erected in the hallway of the Receiving, Classification and Diagnosis Center ("RCDC").

14. As of December 12, 2007 and possibly earlier, the Sheriff has provided privacy to those group of male inmates returning from Court who are housed in Divisions 1, 8, 10. The Jail has erected privacy screens for this group of male inmates when they are strip searched.

15. Division 5 is a medium security facility. Division 1 is a medium security facility. Division 10 is a maximum security facility.

## COUNT ONE

16. Plaintiffs reallege paragraphs 1-15 above as paragraphs 1-15 of Count I.

17. At all times relevant to this complaint, the Defendant, as Sheriff of Cook County has the duty to establish procedures and policies and to train deputy sheriffs and C.C.D.O.C. employees to prevent unreasonable body searches of individuals who are in his custody and to ensure that inmates are not improperly discriminated against on the basis of gender.

18. The Sheriff knew or should have known that male inmates housed in Division 5 are subjected to an unreasonable, group strip searches after returning to the Division following their court appearance.

19. The Sheriff instituted, sanctioned, and approved the following policies, practices, customs and procedures regarding the strip searching of male inmates in Division 5 following their return from Court.

    A.    After the inmate has appeared in court, he is returned to the clothing room in Division 5 and is subjected to a group strip search with upwards of 45 inmates with no privacy.

    B.    Pursuant to the existing policy and practice of the Sheriff, the male inmates in Division 5 are then required to submit to the following group strip search:

        (i)    Each male inmate is ordered to remove all of his clothing.

        (ii)    While naked, the male inmates are ordered to extend their arms and legs apart and to squat three or four times, coughing during each squat. The inmates are then allowed to put their clothes back on.

20. On information and belief, all male inmates in Division 5 following their court appearance are strip searched in a group setting with no privacy despite the fact that similarly situated female inmates are not strip searched in a group setting and are afforded privacy.

21. On information and belief, all male inmates in Division 5 following their court appearance are strip searched in a group setting with no privacy despite the fact that similarly situated male inmates are not strip searched in a group setting and are afforded privacy in Divisions 1, 8 and 10.

22. The group strip searches with no privacy in Division 5 constitute an unreasonable search and seizure.

23. The Sheriff fails to establish appropriate procedures and practices to ensure that male inmates in Division 5 are not subject to unreasonable body searches and not improperly discriminated against on the basis of gender.

24. The Sheriff fails to properly train and supervise the deputy sheriffs and C.C.D.O.C.

employees responsible for conducting body searches of male inmates in Division 5 to prevent unreasonable body searches and to not improperly conduct body searches on the basis of gender.

25. The group strip search with no privacy of the Plaintiffs and the putative class after they have appeared in Court constitutes deliberate indifference to the right of the Plaintiffs and putative class in violation of the Fourth and Fourteenth Amendments to the U.S. Constitution.

26. The acts and practices described above including but not limited to the fact that males returning to the Jail after court in Division 5 are being forced to undergo group strip searches with no privacy whereas females in identical situations and certain male inmates are not, were made with the approval, authorization, knowledge, and consent of the Sheriff.

27. Since instituting the practice of not group strip searching similarly situated female inmates and certain male inmates at the Jail, the Sheriff has taken no steps to set up a procedure to avoid group strip searching male inmates in Division 5 returning from Court.

28. The policies, procedures, practices and acts of the Sheriff alleged above, violate the rights of the Plaintiffs and members of the class under the Fourth and Fourteenth Amendments to the Constitution of the United States.

29. As a direct and proximate result of the Sheriff's policies, practices and procedures, the Sheriff subjected the Plaintiffs and members of the class to unreasonable body searches which were demeaning, dehumanizing, undignified, humiliating, terrifying, unpleasant, embarrassing, repulsive, signifying degradation and submission.

30. Unless immediately, preliminarily and permanently enjoined from continuing to subject the Plaintiffs and members of the class from abusive strip searches, the Sheriff will continue to engage in the willful, wanton and deliberate violation of their constitutional rights,

and the Plaintiffs and members of the class will continue to suffer gross violations of their constitutional rights and gross indignities, each of which constitutes irreparable injury for which the Plaintiffs and class have no adequate remedy at law.

WHEREFORE, the Plaintiffs pray's that this Court enter an order:

1. Finding that this action should proceed as a class action pursuant to Rule 23 (b)(2) of the Federal Rules of Civil Procedure;

2. Temporarily, preliminarily and permanently restraining, enjoining and prohibiting the Sheriff of Cook County from strip searching male inmates housed in Division 5 returning from Court in a group strip search with no privacy.

3. Awarding the Plaintiffs and the class their costs and attorneys' fees under Title 42 U.S.C. 1988.

## COUNT TWO

31. Plaintiffs re-allege reallege paragraphs 1-30 above as paragraphs 1-30 of Count II.

32. By instituting and continuing the group strip and cavity search procedures identified above for male inmates in Division 5 but using private strip searches for female inmates, the Sheriff has violated the right to equal protection of the Plaintiffs and members of the class.

33. By instituting and continuing the group strip and cavity search procedures identified above for male inmates in Division 5 but using private strip searches for male inmates in Divisions 1, 8 and 10, the Sheriff has violated the right to equal protection of the Plaintiffs and members of the class.

34. There is no proper or sufficient need or justification for discriminating between male

and female inmates with regard to the strip searches.

35. There is no proper or sufficient need or justification for discriminating between similarly situated male inmates with regard to the strip searches.

36. The use and continuation of this discriminatory procedure resulted from policies, customs and/or widespread practices of the Defendant Cook County, and/or the express decisions of its policymaker. The Defendant Sheriff of Cook County instituted, condoned and/or failed to have terminated the procedure.

37. The policies, procedures, practices and acts of the Defendants alleged above, violate the rights of the Plaintiffs and members of the class under the Fourth and Fourteenth Amendments to the Constitution of the United States.

38. As a direct and proximate result of the Sheriff's policies, practices and procedures, the Sheriff subjected the Plaintiffs and members of the class to unreasonable body searches which were demeaning, dehumanizing, undignified, humiliating, terrifying, unpleasant, embarrassing, repulsive, signifying degradation and submission.

39. Unless immediately, preliminarily and permanently enjoined from continuing to subject the Plaintiffs and members of the class from abusive strip searches, the Sheriff will continue to engage in the willful, wanton and deliberate violation of their constitutional rights, and the Plaintiffs and members of the class will continue to suffer gross violations of their constitutional rights and gross indignities, each of which constitutes irreparable injury for which the Plaintiffs and class have no adequate remedy at law.

WHEREFORE, the Plaintiffs pray that this Court enter an order:

1. Finding that this action should proceed as a class action pursuant to Rule 23 (b)(2) of

the Federal Rules of Civil Procedure;

    2.    Temporarily, preliminarily and permanently restraining, enjoining and prohibiting the Sheriff of Cook County from strip searching male inmates housed in Division 5 returning from Court in a group strip search with no privacy.

    3.    Awarding the Plaintiffs and the class their costs and attorneys' fees under Title 42 U.S.C. 1988.

/s/ Thomas G. Morrissey
Plaintiff's Attorney

Thomas G. Morrissey, Ltd.
10249 S. Western Avenue
Chicago, IL 60643
(773) 233-7900

Robert H. Farley, Jr., Ltd.
1155 S. Washington
Naperville, Il. 60540
(630)-369-0103

## VERIFICATION - DECLARATION

Charles Streeter, being first duly sworn upon oath, does hereby declare that the statements contained in this Complaint are true and correct to the best of my knowledge and belief.

Executed this __1st__ day of __February__, 2008.

/s/ Charles Streeter
Plaintiff

*Charles Streeter* (signature)

## VERIFICATION - DECLARATION

Keith Bryant

~~Charles Streeter~~, being first duly sworn upon oath, does hereby declare that the statements contained in this Complaint are true and correct to the best of my knowledge and belief.

Executed this __1st__ day of __February__, 2008.

/s/ ~~Charles Streeter~~
~~Plaintiff~~

// _Keith Bryant_
Keith Bryant

_Keith Bryant_ (signature)