IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Charles Streeter, and Keith Bryant individually and on behalf of a class, <br><br> Plaintiffs, <br><br> vs. <br><br> Sheriff of Cook County, and Cook County, Illinois, <br><br> Defendants. | No. 08 C 732 <br><br> Judge Castillo <br><br> Magistrate Cole |

## PLAINTIFFS' APPLICATION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION

Now comes the Plaintiffs, by and through their attorneys, Thomas G. Morrissey, Ltd., and Robert H. Farley, Jr., Ltd., and requests that this Court enter a Temporary Restraining Order and/or Preliminary Injunction against the Defendants, and in support thereof states as follows:

1. The two named Plaintiffs, Charles Streeter and Keith Bryant and the class they seek to represent are all pretrial detainees in Division 5 at the Cook County Department of Corrections. ("CCDOC"). On February 3, 2008, the Plaintiffs filed a verified class action suit challenging the abusive manner in which the Plaintiffs and putative class members in housing Division 5 are subjected to group (public) after returning to Division 5 following a court appearance in violation of the Fourth Amendment and the Fourteenth Amendment.

2. The Plaintiff Charles Streeter is scheduled to appear in the Circuit Court of Cook County on February 8, 2008 and the Plaintiff Keith Bryant is scheduled to appear in the Circuit

1

Court of Cook County on February 27, 2008. Both Plaintiffs will be subjected to a group strip search at the CCDOC following their court appearance unless this Court enters a Temporary Restraining Order and/or Preliminary Injunction against the Defendants from conducting a group strip search of the Plaintiffs Streeter and Bryant. Both Plaintiffs filed grievances at the CCDOC in November, 2007 and have exhausted their administrative remedies in objecting to being strip searched in a group setting without any privacy. The Defendants continue to subject the Plaintiffs to strip searches in group settings without any privacy when they return from Court to the CCDOC.

3. In the event that the Defendants agree to the entry of an Order that the two named Plaintiffs will be afforded privacy during their strip searches when they return from court, then this Court can set a briefing schedule for the Plaintiffs to file their Motion for Class Certification; allow the Plaintiffs expedited discovery; and set this matter for hearing on Plaintiffs' Request for a Preliminary Injunction for the Class.

4. The Plaintiffs, as representative of the class seeking injunctive relief are not challenging the Defendants' right to conduct strip and cavity searches at the Jail but rather maintains that the searches are unreasonable under the Fourth Amendment because the strip searches in Division Five are conducted in a highly intrusive manner due to the fact that upwards of 45 pretrial detainees are searched together which affords no privacy to the pretrial detainees being searched.

5. In contrast to the manner in which the Plaintiffs are subjected to group strip searches, the Sheriff provides privacy to the following groups of pre-trial detainees when they are strip searched:

    a)   Since 2001, all searches of female detainees returning to the housing division have been conducted with privacy screens and done individually.

    b)   Since February, 2007, all searches of newly admitted male inmates have been conducted with privacy screens. Each day approximately 240-300 newly admitted detainees are searched behind privacy screens erected in the hallway of the Receiving, Classification and Diagnosis Center ("RCDC").

    c)   As of December 12, 2007 and possibly earlier, the Sheriff has provided privacy to those group of male inmates returning from Court who are housed in Divisions 1, 8, 10.[1] The Jail has erected privacy screens for this group of male inmates when they are strip searched.

6. The Plaintiffs and the class they seek to represent, are strip searched in the Clothing Room in Division Five upon their return to the Division from Court. The Clothing Room in Division 5 is a large, self-contained room with one door. The Sheriff currently uses the Clothing Room in Division 5 to conduct strip searches of upwards of 45 male inmates at a time without any privacy. Upon entering the room, the men are ordered to line up against the wall, and remove all their clothing. The men are then ordered to extend their arms and legs apart and to squat three or four times. They remain naked in each other's presence for an extend period of time and the room stinks of body odor. The public strip searching of the male detainees in Division Five is unreasonable because the Jail could easily deploy the privacy screens used in the female housing divisions, the hallway of the RCDC and the other male housing divisions to provide privacy during these strip searches.

7. The Plaintiffs are subjected to group strip searches which are demeaning, dehumanizing, undignified, humiliating, terrifying, unpleasant, embarrassing, repulsive,

---

[1] Division 1 is a medium security facility and Division 10 is a maximum security facility. The Plaintiffs are housed in Division 5 which is medium security facility.

Case 1:08-cv-00732    Document 7    Filed 02/05/2008    Page 4 of 6

signifying degradation and submission.

8. A Temporary Restraining Order and/or Preliminary Injunction is appropriate because there is a strong likelihood of success on the merits of the claims asserted by the Plaintiffs. There is no adequate remedy at law and the Plaintiffs will suffer irreparable harm to a dehumanizing group strip search if the injunction is not granted. The Defendants will suffer no harm if the CCDOC is enjoined from conducting group strip searches without any privacy of the Plaintiffs following their return from court as the CCDOC currently provides strip searches with privacy to all female inmates returning from court; CCDOC currently provides strip searches with privacy to numerous male inmates returning from court; and CCDOC currently provides strip searches with privacy to hundreds of new inmates on a daily basis who are being admitted / processed into the Jail. That the public interest will be served by enjoining the Defendants from conducting group strip searches of the Plaintiffs.

9. Unless immediately, preliminarily and permanently enjoined from continuing to subject the Plaintiffs and members of the class from abusive strip searches, the Defendants will continue to engage in the willful, wanton and deliberate violation of their constitutional rights, and the Plaintiffs and members of the class will continue to suffer gross violations of their constitutional rights and gross indignities, each of which constitutes irreparable injury for which the Plaintiffs and class have no adequate remedy at law.

WHEREFORE, the Plaintiffs request that this Court grant the following relief.

A. That a Temporary Restraining Order and/or Preliminary Injunction enjoin the Defendant, Sheriff of Cook County, and the Defendant, Cook County, and their officers and

employees conducting group strip searches without any privacy to the Plaintiffs, Charles Streeter, Keith Bryant and the class when they return to the CCDOC following a court appearance.

    B. Alternatively, that this Court enter a Temporary Restraining Order or Preliminary Injunction in favor of the two named Plaintiff enjoining the Defendants from conducting group strip searches of the Plaintiffs, Charles Streeter and Keith Bryant when they return to the CCDOC following a court appearance, until such time as a hearing is set on Plaintiffs request for a Preliminary Injunction on behalf of the Class.

    C. That this Court waive or excuse the filing of any security or bond by the Plaintiffs.

Respectfully submitted,

/s/ Thomas G. Morrissey
One of Plaintiffs' Attorney

Thomas G. Morrissey, Ltd.
10249 S. Western Avenue
Chicago, IL 60643
(773) 233-7900

Robert H. Farley, Jr., Ltd.
1155 S. Washington
Naperville, Il. 60540
(630)-369-0103

5

## CERTIFICATE OF SERVICE

    I, Robert H. Farley, Jr., one of the Attorneys for the Plaintiffs, deposes and states that he caused the foregoing Plaintiffs Application For Temporary Restraining Order And/Or Preliminary Injunction to be served on the Office of the Cook County State's Attorney, Attn: Patrick Driscoll by faxing a copy on February, 5, 2008 to 312-603-3000 and by faxing a copy to the Sheriff of Cook County, Attn: Peter Kramer at 312-603-3305.

/s/ *Robert H. Farley, Jr.*