IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Charles Streeter, Keith Bryant, Artis Jackson individually and on behalf of a class, | ) ) ) | |
| Plaintiffs, | ) ) | No. 08 C 732 |
| vs. | ) ) ) | Judge Ruben Castillo Magistrate Cole |
| Sheriff of Cook County, and Cook County, Illinois, | ) ) ) ) ) | |
| Defendants. | ) | |

## AMENDED COMPLAINT

Now comes the Plaintiffs, by and through their attorneys, Thomas G. Morrissey, Ltd., Robert H. Farley, Jr., Ltd., and Kenneth N. Flaxman and complain of the Defendants as follows:

## INTRODUCTION

1. The Plaintiffs are current or former pretrial detainees in Division Five at the Cook County Department of Corrections. As a pretrial detainees at the Jail, the Plaintiffs were subjected to group strip searches, which afforded no privacy after returning from Court.

2. The Plaintiffs, are not challenging the defendants' right to conduct strip and cavity searches at the Jail but rather maintains that the searches were unreasonable under the Fourth Amendment because the strip searches in Division Five were conducted in a highly intrusive manner due to the fact that upwards of 45 pretrial detainees were searched together which affords no privacy to the pretrial detainees being searched. On information and belief, the defendants changed this policy on December 20, 2007 and now only conduct strip searches utilizing

3. Prior to December 20, 2007, the Sheriff provided privacy to the following groups of pre-trial detainees when they were strip searched:

    a) Since 2001, all searches of female detainees returning to the housing division have been conducted with privacy screens and done individually.

    b) Since February, 2007, all searches of newly admitted male inmates have been conducted with privacy screens. Each day approximately 240-300 newly admitted detainees are searched behind privacy screens erected in the hallway of the Receiving, Classification and Diagnosis Center ("RCDC").

4. The Plaintiffs and the class they seek to represent, were strip searched in the Clothing Room in Division Five upon their return to the Division from Court. The Clothing Room in Division 5 is a large, self-contained room with one door. The Sheriff used the Clothing Room in Division 5 to conduct strip searches of upwards of 45 male inmates at a time without any privacy. Upon entering the room, the men were ordered to line up against the wall, and remove all their clothing. The men were then ordered to extend their arms and legs apart and to squat three or four times. They remained naked in each other's presence for an extend period of time and the room smelled foul from body odor. The public strip searching of the male detainees prior to December 20, 2007 in Division Five was unreasonable because the Jail could easily have deployed the privacy screens used in the female housing divisions, the hallway of the RCDC for men on the "new" and now apparently used in Division Five to provide privacy during these strip searches.

**JURISDICTION**

2

5. This is a civil action for injunctive relief to redress deprivations under color of law of rights, privileges, and immunities secured under the Fourth and Fourteenth Amendments to the United States Constitution, and Title 42 U.S.C. Sections 1983 and 1988.

## CLASS ACTION ALLEGATIONS

6. (a) Plaintiffs bring this action as a class action pursuant to Rule 23 (b) (3) of the Federal Rules of Civil Procedure.

(b) The Class consist of all male inmates who were subjected to strip and visual body cavity search in a group setting in Division 5 after returning to the Jail following a court appearance with no privacy on or after February 3, 2006.

(c) The class is so numerous that joinder of all persons is impracticable. The practice and policy by the Sheriff was to strip search all male inmates in the Clothing Room of Division 5 when they return from Court in a group setting without affording them any privacy. The Plaintiffs believe that the class probably numbers well over 1,400 persons.

(d) There are questions of law and fact common to the class. These questions predominate over any questions affecting only individual class members. These legal and factual questions include:

    (i) Whether the Sheriff has a policy and practice of strip searching all males inmates returning from Court to the Jail;

    (ii) Whether similarly situated female inmates are afforded privacy when strip searched following their return from Court to the Jail;

    (iii) Whether the conduct alleged herein is in violation of the Fourth or

3

Fourteenth Amendments to the United States Constitution and Title 42 U.S.C. 1983;

(e) Plaintiffs' claims are typical of the claims of the class.

(f) Plaintiffs will fairly and adequately protect the interest of all class members as they are members of the class and their claims are typical of the claims of all class members. The plaintiffs are incensed at the treatment accorded the class members and will aggressively pursue the interest of the entire class

## FACTS AND PARTIES

7. Plaintiff, Charles Streeter is a resident and citizen of the State of Illinois. Since April 30, 2007, the Plaintiff has been an inmate at the Cook County Department of Corrections, awaiting trial. The Plaintiff is currently housed in Division 5.

8. Plaintiff Keith Bryant is a resident and citizen of the State of Illinois. Since February 22, 2007, the Plaintiff has been an inmate at the Cook County Department of Corrections, awaiting trial. The Plaintiff has been housed in Division 5 during a portion of his stay at the Jail.

9. Plaintiff Artis Jackson is a former detainee at the Cook County Departmen of Corrections. Plaintiff Jackson was an inmate in Division Five in 2007.

10. Plaintiff Streeter filed a grievance on November 22, 2007 regarding his objections to being strip searched in a group setting without any privacy and on November 27, 2007, Plaintiff Bryant filed a grievance objecting to being strip searched in a group setting. They have exhausted their administrative remedies.

11. Defendants are the Sheriff of Cook County and Cook County, Illinois.

12. Since 2001, all searches of female detainees returning to the housing division have been conducted with privacy screens and done individually.

13. Since February, 2007, all searches of newly admitted male inmates have been conducted with privacy screens. Each day approximately 240-300 newly admitted detainees are searched behind privacy screens erected in the hallway of the Receiving, Classification and Diagnosis Center ("RCDC").

14. Division 5 is a medium security facility.

## COUNT ONE

15. Plaintiffs reallege paragraphs 1-14 above as paragraphs 1-14 of Count I.

16. At all times relevant to this complaint, the Defendant, as Sheriff of Cook County has the duty to establish procedures and policies and to train deputy sheriffs and C.C.D.O.C. employees to prevent unreasonable body searches of individuals who are in his custody and to ensure that inmates are not improperly discriminated against on the basis of gender.

17. The Sheriff knew or should have known that male inmates housed in Division 5 were subjected to an unreasonable, group strip searches after returning to the Division following their court appearance.

18. The Sheriff instituted, sanctioned, and approved the following policies, practices, customs and procedures regarding the strip searching of male inmates in Division 5 following their return from Court.

    A.    After the inmate has appeared in court, he was returned to the clothing room in Division 5 and subjected to a group strip search with upwards of 45 inmates with no privacy.



B. Pursuant to the policy and practice of the Sheriff, the male inmates in Division 5 were then required to submit to the following group strip search:

(i) Each male inmate was ordered to remove all of his clothing.

(ii) While naked, the male inmates were ordered to extend their arms and legs apart and to squat three or four times, coughing during each squat. The inmates were then allowed to put their clothes back on.

19. On information and belief, all male inmates in Division 5 following their court appearance were strip searched in a group setting with no privacy despite the fact that similarly situated female inmates were not strip searched in a group setting and are afforded privacy.

20. The group strip searches with no privacy in Division 5 constituted an unreasonable search and seizure. It was feasible to conduct the strip searches in private, using the screens which are now apparently used in Division Five.

21. The Sheriff failed to establish appropriate procedures and practices to ensure that male inmates in Division 5 were not subject to unreasonable body searches and not improperly discriminated against on the basis of gender.

22. The Sheriff failed to properly train and supervise the deputy sheriffs and C.C.D.O.C. employees responsible for conducting body searches of male inmates in Division 5 to prevent unreasonable body searches and to not improperly conduct body searches on the basis of gender.

23. The group strip search with no privacy of the Plaintiffs and the putative class after they have appeared in Court constituted deliberate indifference to the right of the Plaintiffs and putative class in violation of the Fourth and Fourteenth Amendments to the U.S. Constitution.

24. The policy described above including but not limited to the fact that males returning to the Jail after court in Division 5 were forced to undergo group strip searches with no privacy whereas the strip searches of females in identical situations were done in private was made with the approval, authorization, knowledge, and consent of the Sheriff.

25. The policies, procedures, practices and acts of the Sheriff alleged above, violate the rights of the Plaintiffs and members of the class under the Fourth and Fourteenth Amendments to the Constitution of the United States.

26. As a direct and proximate result of the Sheriff's policies, practices and procedures, the Sheriff subjected the Plaintiffs and members of the class to unreasonable body searches which were demeaning, dehumanizing, undignified, humiliating, terrifying, unpleasant, embarrassing, repulsive, signifying degradation and submission.

WHEREFORE, the Plaintiffs pray that this Court enter an order:

1. Finding that this action should proceed as a class action pursuant to Rule 23 (b)(3) of the Federal Rules of Civil Procedure;

2 Award damages to the individual plaintiffs and to each unnamed member of the proposed class. In addition, the plaintiffs are seeking the award of costs and attorneys' fees under Title 42 U.S.C. 1988.

## COUNT TWO

27. Plaintiffs re-allege reallege paragraphs 1-26 above as paragraphs 1-26 of Count II.

28. By instituting and continuing the group strip and cavity search procedures identified above for male inmates in Division 5 but using private strip searches for female inmates, the Sheriff has violated the right to equal protection of the Plaintiffs and members of the class.



29. There is no proper or sufficient need or justification for discriminating between male and female inmates with regard to the strip searches.

30. The use of this discriminatory procedure resulted from policies, customs and/or widespread practices of the Defendant Cook County, and/or the express decisions of its policymaker. The Defendant Sheriff of Cook County instituted, condoned and/or failed to have terminated the procedure.

31. The policies, procedures, practices and acts of the Defendants alleged above, violate the rights of the Plaintiffs and members of the class under the Fourth and Fourteenth Amendments to the Constitution of the United States.

32. As a direct and proximate result of the Sheriff's policies, practices and procedures, the Sheriff subjected the Plaintiffs and members of the class to unreasonable body searches which were demeaning, dehumanizing, undignified, humiliating, terrifying, unpleasant, embarrassing, repulsive, signifying degradation and submission.

WHEREFORE, the Plaintiffs pray that this Court enter an order:

WHEREFORE, the Plaintiffs pray's that this Court enter an order:

1. Finding that this action should proceed as a class action pursuant to Rule 23 (b)(3) of the Federal Rules of Civil Procedure;

2. Award damages to the individual plaintiffs and to each unnamed member of the proposed class. In addition, the plaintiffs are seeking the award of costs and attorneys' fees under Title 42 U.S.C. 1988.

/s/ Thomas G. Morrissey
One of Plaintiff's Attorney

Thomas G. Morrissey, Ltd.
10249 S. Western Avenue
Chicago, IL 60643
(773) 233-7900


Robert H. Farley, Jr., Ltd.
1155 S. Washington
Naperville, Il. 60540
(630)-369-0103


Kenneth N. Flaxman
200 S. Michigan Ave, Ste. 1240
Chicago, Il. 60604
(312) 427-3200

# CERTIFICATE OF SERVICE

    I, Thoms G. Morrissey, Attorney for the Plaintiffs, deposes and states that he caused the foregoing Amended *Complaint*, by electronically filing said document with the Clerk of the Court using the CM/ECF system, this 15th day of April, 2008.

                                            /s/ Thomas G. Morrissey.

Attorneys for the Defendant

Mr. Patrick T. Driscoll, Jr.
Mr. Francis Catantia
Office of the State's Attorneys
500 Richard J. Daley Center
Chicago, IL 60602