IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Charles Streeter and Keith Bryant individually and on behalf of a class, | ) ) ) | |
| Plaintiffs, | ) ) ) | No. 08 C 732 |
| vs. | ) ) | Judge Ruben Castillo |
| SHERIFF OF COOK COUNTY, And COOK COUNTY ILLINOIS | ) ) ) ) | Magistrate Cole |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO TRANSFER THE AMENDED COMPLAINT
BASED ON RELATEDNESS**

**NOW COME the Defendants, Sheriff of Cook County and County of Cook**, by their attorney, RICHARD A. DEVINE, State's Attorney of Cook County, and through his assistant, Francis J. Catania, and pursuant to F.R.C.P. Rule 40 and 42 and Local Rule 40.4 , move this court to find that this case is related to the litigation pending in *Young et al., v. County of Cook, et al.,* 06 CV 552 and pursuant to Northern District of Illinois Local Rule 40.4 transfer the matter to be heard along with the matter now pending on Judge Matthew Kennelly's call. In support thereof Defendant states as follows:

In the Amended Complaint, Plaintiffs maintain "that the searches are unreasonable under the Fourth Amendment because the strip searches in Division Five were conducted in a highly intrusive manner due to the fact that upwards of 45 pretrial detainees were searched together which affords no privacy to the pretrial detainees being searched."

In *Kim Young et al. v. County of Cook et al.*, 06 CV 552, a class action alleging 4th and 14th Amendment violations for strip searches of detainees who are entering the general jail population following arraignment the very same issues are being dealt with by a plaintiffs'

1

counsel who are well qualified in complex litigation – Loevy & Loevy. In fact, on April 25, 2007, Judge Matthew Kennelly certified two classes, each of which clearly subsumes the proposed Streeter and Bryant class. Judge Kennelly certified the following classes under Rule 23: (1) all males who were subjected to a strip search and/or a visual body cavity search as new detainees at the Cook County Jail on or after January 30, 2004; and (2) all persons charged only with misdemeanor or lesser offenses not involving drugs or weapons who were subjected to a strip search and/or a visual body cavity search as new detainees at the Cook County Jail on or after January 30, 2004.

In the *Young* litigation, materials produced by Class counsel indicate that their claims include the precise issue raised in this case: whether strip searches done following a court hearing violate the $4^h$ and 14th amendments because of the manner in which they are performed. Class counsel in *Young* has moved well beyond what they term a 4th amendment search done when persons "on the new" are presumptively headed for general population. Class counsel is also attacking the manner and method of the search as well as the place in which it is conducted. Both these issues are raised again before this court in the *Streeter - Bryant* Amended Complaint.

## LEGAL STANDARD

In reviewing a motion to reassign a case on the basis of relatedness, the moving party must satisfy the requirements of both LR 40.4(a) and 40.4(b). *Hollinger Int'l, Inc. v. Hollinger, Inc.,* 2004 U.S. Dist. LEXIS 7883, 2004 WL 1102327, at *1 (N.D. Ill. May 5, 2004). The court has discretion to reassign the case pursuant to LR 40.4. *Clark v. Ins. Car Rentals Inc*., 42 F. Supp. 2d 846, 847 (N.D. Ill. 1999).

Once the cases are determined to be related under LR 40.4(a), LR 40.4(b) requires more stringent criteria for the case to qualify for reassignment. See Clark, 42 F. Supp. 2d at 848. LR

40.4(b) requires that to be reassigned: "(1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later-filed case as related would be likely to substantially delay the proceedings in the earlier case; and (4) the cases are susceptible of disposition in a single proceeding." Under 40.4(b)(2), the judicial savings alleged by the moving party must be substantial; a mere assertion that some judicial [*5] time and effort would be saved by reassignment is insufficient. *Hollinger Int'l, Inc. v. Hollinger, Inc.*, 2004 U.S. Dist. LEXIS 7883, 2004 WL 1102327, at *1 (N.D. Ill. May 5, 2004), 2004 WL 1102327 at *2 (citing *Lawrence E. Jaffe Pension Plan v. Household Int'l, Inc.*, 2003 U.S. Dist. LEXIS 7466, 2003 WL 21011757 at *2 (N.D. Ill. May 5, 2003)). Likewise, if the cases will require different discovery, legal findings, defenses or summary judgment motions, it is unlikely that reassignment will result in a substantial judicial savings. See *Hollinger*, 2004 U.S. Dist. LEXIS 7883, 2004 WL 1102327 at*2; *Donahue v. Elgin Riverboat Resort*, 2004 U.S. Dist. LEXIS 19362, 2004 WL 2495642 at * 1 (N.D. Ill. Sept. 28, 2004). Also, cases are rarely susceptible to disposition in one proceeding pursuant to 40.4(b)(4) where the cases involve unique issues of law and fact and those unique characteristics are dominant. See *Mach. Movers, Riggers & Mach. Erectors, Local 136 Defined Contribution Ret. Fund v. Joseph/Anthony, Inc.*, 2004 U.S. Dist. LEXIS 13631, 2004 WL 1631646 at *4 (N.D. Ill. July 16, 2004. *Williams v. Walsh Constr.*, 2007 U.S. Dist. LEXIS 3970, 4-6 (N.D. Ill. Jan. 16, 2007).

## FACTS

Plaintiff alleges that strip searches are improperly performed on detainees who have returned from courtrooms around the County. These strip searches are alleged to have occurred in the clothing room of Division V at the Cook County Department of Corrections prior to the

return of detainees to their living units. It is alleged that the searches are done in **a manner that violates their rights under the 4th and 14th Amendments, specifically because privacy screens in use in the RC/DC, and Divisions 1, 8 and 10 were not used in the clothing room of Division V** (emphasis supplied).

The Complaint challenges the manner in which searches are performed because they allege that such searches are performed *in groups* and *without the privacy screens*. Plaintiffs in this case have requested damages in the amended complaint having abandoned the quest for injunctive relief. Since the complaint is styled as a class action, plaintiffs also request relief for a class of similarly situated persons.

## ARGUMENT

Pursuant to the relevant parts of Local Rule 40.1 (a) "Two or more civil cases may be related if one or more of the following conditions are met: . . .

(2) the cases involve some of the same issues of fact or law; . . . and

(4) in class action suits, one or more of the classes involved in the cases is or are the same."

Once it is determined the cases are related, subsection (b) specifies that "A case may be reassigned to the calendar of another judge if it is found to be related to an earlier-numbered case assigned to that judge and each of the following criteria is met:

(1) both cases are pending in this Court;

(2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort;

(3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and

(4) the cases are susceptible of disposition in a single proceeding."

Both the *Young* case and this case are pending in the United States District Court Northern District Illinois. Substantial savings of judicial time and effort will result by the judge if both cases are handled by Judge Kennelly (the judge assigned to the earlier number case). Judge Kennelly has already consolidated another case on his call with the *Young* case: *James Kelly v. Sheriff*, 06 CV 2274, recognizing that it raised similar issues to the *Young* claims. The earlier case has not progressed to the point that it will delay the *Young* case. The *Young* case is still in fact discovery, and although the date for dispositive motions was set, the Judge will soon be changing that date. Also the court has bifurcated liability discovery from damages discovery meaning there still will be ample time to conduct additional discovery if needed. Additionally no trial date has been set yet. All the witnesses in the *Young* case will be the same in the *Streeter* case because the area of the jail complex is space within the same Division V of the jail and specifically the Receiving/Classification and Diagnostic Center. Delay, if any, is not likely to be substantial. Finally, both cases involving the same class members and the same legal and factual questions are supremely susceptible to resolution in a single proceeding.

Plaintiffs *Streeter* and *Bryant* have barely pleaded enough factual matter to show his claim is even plausible. (They must plead enough to raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (U.S. 2007).* However, they have pleaded that their claim is whether strip-searching in jails is constitutionally improper where it is not conducted utilizing privacy screens. Pleading thus, Mr. Morrissey has merely replicated the claim in *Young*. He may suggest that *Streeter*'s claim is distinguishable because it occurs at a different time in a different specific location. But Mr. Morrissey will admit that he really is attacking essentially the same procedure of strip searching detainees in groups, with the same specific allegations in the form of a parade of horribles, as is now the *Young* case.

Streeter and Bryant have an adequate remedy at law in the *Young* case. In addition, the same class members Streeter proposes to represent are already members of the *Young* class. These members of the class they seek to represent have not opted out of the *Young* litigation, therefore they remain plaintiffs in the *Young* litigation. In fact, neither Streeter nor Bryant has opted out of the *Young* litigation either, meaning they seek double recovery for a single violation by filing this case.

The danger of inconsistent decisions is another factor weighing in favor of transferring this matter to be heard with the *Young* matter. Because the Constitutional standards applicable to pretrial detainees and prisoners are the same following *Hart v. Sheahan*, 396 F.3d 887 at 893 (7th Circuit 2004) District Courts should apply the Seventh Circuit precedent in *Peckham v. Wisconsin Dept. of Corrections*, 141 F.3d 694 (7th Circuit 1998) consistently. In *Peckham*, the Seventh Circuit upheld strip searches when a new prisoner arrived at the jail <u>or returned to jail from a doctor's visit or from court</u>. Strip searches are permissible so long as they are motivated by legitimate penological concerns and performed in a reasonable manner. *Peckham v. Wisc Dept of Corr.,* 141 F.3d 694 697 (7th Cir. 1998). In addition, the Seventh Circuit has warned that jail management is not and should not be the focus of a Federal Court.

> Federal judges must always be circumspect in imposing their ideas about civilized and effective prison administration on state prison officials. See *Block v. Rutherford*, 468 U.S. 576, 104 S. Ct. 3227, 3232, 82 L. Ed. 2d 438 (1984); *Procunier v. Martinez*, 416 U.S. 396, 404-05, 40 L. Ed. 2d 224, 94 S. Ct. 1800 (1974); *Rhodes v. Chapman*, 452 U.S. 337, 351 n. 16, 69 L. Ed. 2d 59, 101 S. Ct. 2392 (1981). The Constitution does not speak with precision to the issue of prison conditions (that is an understatement); federal judges know little about the management of prisons; managerial judgments generally are the province of other branches of government than the judicial; and it is unseemly for federal courts to tell a state or city or, as here, a county how to run its prison system. Of course the County agreed to a consent decree which severely limits its freedom of action, but the County is not the state. Federal courts must be wary of entanglement in the intramural struggles of state or local government.

*Duran v. Elrod*, 760 F.2d 756, 759 (7th Cir. 1985).

Even with these precedents as guidance, the danger of inconsistent judgments from several cases pending in different courtrooms of this district is omnipresent and worrisome.

The similarity of these cases is outlined below.

|  | **Young** | **Streeter** |
| --- | --- | --- |
| Place | Division V, RC/DC "Tunnel" a long hallway in which persons not involved with the procedure are excluded while the search procedure is conducted. | Division V, RC/DC. Clothing Room a large self contained room with one door from which persons not involved in the search procedure are excluded. |
| Time | 2:00 pm to 10:00 pm daily when court is in session. | 12:00 pm to 4:00 pm on days when court is in session |
| Prior proceeding | Court Hearing in Criminal Court; *Gerstein v. Pugh* probable cause hearing; and bond setting hearing. | Court hearing in criminal courtroom where assigned for trial. |
| Claims | 4th Amendment violation for strip searching detainees. | 4th Amendment violation for strip searching detainees |
| Class members certified or claimed | All new male Detainees entering and housed in the Cook County Department of corrections from January 30, 2004 to and including the present who were subjected to strip and visual body cavity searches. | All male detainees subjected to strip and visual body cavity searches in the Cook County Department of corrections from February 3, 2006 to and including the present. |
| Post search destination | Assignment to living units in general population of the Cook County Department of Corrections | Return to previously assigned living units in the Cook County Department of Corrections<br>Or<br>Reassignment to different living units of treatment areas based on orders from the courtroom or needs of the detainee. |
| Witnesses | 1) Deputy Sheriffs assigned on the 7-3 and 3-11 Shifts in Division V.<br>2) Supervisors<br>3) Superintendent of Division V<br>4) Assistant Director of CCDOC<br>5) Director of CCDOC<br>6) Detainees | 1) Deputy Sheriffs assigned on the 7-3 and 3-11 Shifts in Division V.<br>2) Supervisors<br>3) Superintendent of Division V<br>4) Assistant Director of CCDOC<br>5) Director of CCDOC<br>6) Detainees |

| Policies at issue | Strip Searching detainees and the procedure employed. | Strip searching detainees and the procedure employed. |
|---|---|---|
| Other issues or allegations | 1) The use of group strip searching techniques;<br>2) Strip searching before and after installing "privacy screens";<br>3) Contraband recovered from detainees before and after "privacy screens";<br>4) Cleanliness of the area;<br>5) Smell of the area;<br>6) Ventilation;<br>7) Proximity to other detainees during searches;<br>8) Use of verbal commands<br>9) Number of detainees searched in one session. | 1) The use of group strip searching techniques;<br>2) Strip searching before and after installing "privacy screens";<br>3) Contraband recovered from detainees before and after "privacy screens";<br>4) Cleanliness of the area;<br>5) Smell of the area;<br>6) Ventilation;<br>7) Proximity to other detainees during searches;<br>8) Use of verbal commands<br>9) Number of detainees searched in one session. |
| Damages claimed | Compensatory money damages | Compensatory money damages (after proposed class counsel abandoned the claim for injunctive relief by filing an amended complaint rather than respond to a rule 12(b)(6) motion). |

Under L.R. 40.1(c) a motion brought under this rule must set forth the points of commonality in sufficient detail to indicate that the cases are related within the meaning of section (a) as well as the extent to which the conditions required by section (b) will be met if the two cases are found to be related. The chart above does just that. Both cases involve the same place, time, a similar prior proceeding, same claims of strip and body cavity searching, nearly identical classes of all male detainees, same post search destinations in the general population, same witnesses, same policies challenged, same facts of how the search is conducted and same damages claim. The two cases involve the same claims, the same issues of law, and the same issues of fact. The only diverging facts alleged in *Streeter* are the particular room of the RC/DC area is used for the strip search of persons returning from criminal court appearances before the

trial judge versus persons arriving for classification following an appearance before a bond setting judge at arraignment and whether they are "new" to the facility as opposed to "court returns". This is a patent distinction without a difference.

## CONCLUSION

The Amended Complaint shows the Plaintiffs claims are identical to the claims in the case *Young, et al., v. County of Cook et al*. 06 CV 0552. Pursuant to Local rule 40.4 and in the interest of judicial economy and to avoid undue expense to the parties of litigating the same issue in different courtrooms simultaneously (and duplicating attorneys fees for the same work), this court should exercise its discretion and transfer the *Streeter* matter to the courtroom with the lower numbered complaint pending.

**WHEREFORE,** defendants Thomas Dart, SHERIFF OF COOK COUNTY and County of Cook, pray that this Honorable Court transfer this case for re-assignment to Judge Kennelly to be litigated along with the case *Kim Young, et al., v. County of Cook, et al.*, 06 CV 552 and order Plaintiffs to pay costs and attorneys fees for the defense of this matter.

        Respectfully Submitted,
        RICHARD A. DEVINE
        State's Attorney of Cook County

By:   s/Francis J. Catania
      Francis J. Catania, Assistant State's Attorney

ASA Francis J. Catania ARDC#6203188
Cook County State's Attorney's Office
Richard J. Daley Center
50 W. Washington Street Room 500
Chicago, Illinois 60602
(312) 603-6572