IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Charles Streeter and Keith Bryant individually and on behalf of a class, ) ) ) Plaintiffs, ) ) vs. ) ) SHERIFF OF COOK COUNTY, ) And COOK COUNTY ILLINOIS ) ) Defendants. ) | No. 08 C 732 Judge Ruben Castillo Magistrate Cole |

**DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**

**NOW COME the Defendants, Sheriff of Cook County and County of Cook**, by their attorney, RICHARD A. DEVINE, State's Attorney of Cook County, and through his assistant, Francis J. Catania, and pursuant to F.R.C.P. Rule 12(b)(6), move this court to dismiss the Amended Complaint for failure to state a claim upon which relief may be granted. In support thereof Defendant states as follows:

The Amended Complaint should be dismissed because the Plaintiffs plead themselves out of court where they admit the Sheriff has is a legitimate penological basis for conducting strip searches on persons detained in the Cook County Department of Corrections following court appearances [*see* Complaint paragraph 2]. Plaintiffs state: "The Plaintiffs, are not challenging the defendants' right to conduct strip and cavity searches at the jail but rather maintains that the searches are unreasonable under the Fourth Amendment because the strip searches in Division Five were conducted in a highly intrusive manner due to the fact that upwards of 45 pretrial detainees were searched together which affords no privacy to the pretrial detainees being searched."

1

## FACTS

Plaintiff alleges that strip searches are improperly performed on detainees who have returned from courtrooms around the County. These strip searches are alleged to have occurred in the clothing room of Division V at the Cook County Department of Corrections prior to the return of detainees to their living units. It is alleged that the searches are done in a manner that violates their rights under the 4th **and** 14th Amendments, specifically because privacy screens in use in the RC/DC, and Divisions 1, 8 and 10 are not used in the clothing room of Division V (emphasis supplied).

The Amended Complaint challenges the manner in which searches are performed because they allege that such searches are performed in groups and without the privacy screens. Plaintiffs in this case have abandoned the request for injunctive relief and now seek damages. Since the complaint is styled as a class action, plaintiffs also request relief for a class of similarly situated persons.

## NO LEGITIMATE BASIS EXISTS FOR THE REQUESTED RELIEF

The Sheriff of Cook County and the County of Cook take their responsibilities for running and maintaining the CCDOC very seriously. Every effort is made to insure that the law is followed. The difficulty of this pursuit lies in efforts by some to win attorneys fees by bringing lawsuit after lawsuit raising the same or nearly the same issues with no desire to right a wrong[1].

The plaintiffs in this case have sued for damages and attorney's fees, having abandoned their quest for injunctive relief and attorney's fees. This request is made despite the fact that the *Duran* case, currently before Federal Judge Kendall and monitored by the court appointed watchdog John Howard Association represents continued Federal Court oversight of jail

---

[1] A non-exhaustive list of cases filed by Mr. Morrissey raising facets of nearly the same issue include: 96 C 7294 Gary v. Sheahan; 01 C 1592 Wilkes v. Sheahan; 03 C 5309 Davis v. Sheahan; 04 C 1051 Bullock v. Sheahan; 06 C 493 Jackson v. Sheahan; 07 C 887 Martin v. Sheahan; 07 C 2391 Domina v. Sheahan; 07 C 2393 Harper v. Dart

conditions at the CCDOC. Among other cases, Defendants rely on *Duran v. Elrod*, 542 F.2d 998 (7th Cir. 1976), and urge the court to follow Seventh Circuit precedent regarding the deference given to jailors.

The Amended Complaint admits strip searches are valid under the law but suggests that group strip searches (with or without privacy screens) are unreasonable. This pleads plaintiffs out of court where they concede reasonableness then clutch at an aspect such as privacy screens, to say that they are not reasonable. In essence, plaintiffs truly seek to endangering institutional security. Nothing in the Plaintiffs' Amended Complaint adds to the statement that strip searches are unreasonable.

## ARGUMENT

Plaintiffs have failed to state a claim upon which relief may be granted. Rule 8(a) of the Federal Rules of Civil Procedure requires a plaintiff to plead enough factual matter to show his claim is plausible. Plaintiffs have no alleged facts showing the basis for relief. A plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (U.S. 2007)*. Plaintiffs have pleaded a barely speculative cause of action. The issue raised by the suit is whether strip-searching in jails is constitutionally improper where it is not conducted utilizing privacy screens. This is not a new issue, but has been raised time and again, but usually from the more firm foundation of searches by police, incident to the arrest. It is a fallacy to equate a search incident to arrest, which is founded only upon the discretion of a police officer, with the safety and security search inside a jail. This difference is not a minor one. As Mr. Morrissey knows, the search prior to entry into

the secure setting of the Cook County Department of Corrections occurs only after there has been a **judicial** determination of probable cause to detain and a bond set. This procedure, mandated by *Gerstein v. Pugh, 420 U.S. 103, 121 (U.S. 1975),* is followed by a court order to detain issued by a judge who mandates the accused be held in custody until his trial, subject to the posting of bond.

The Amended Complaint at paragraph 4 states "The Plaintiffs and the class they seek to represent, were strip searched in the Clothing Room in Division Five upon their return to the Division from Court. The Clothing Room in Division 5 is a large, self-contained room with one door." This allegation of facts implies that there is privacy afforded to the detainees searched there because there is only one door. Next, also at paragraph 4, Plaintiffs claim that "upwards of 45 male inmates at a time" are strip searched, conceding that an effort is made to segregate females from observing. Finally the Amended complaint, also at paragraph 4, states that the jail could have deployed privacy screens already in use in female housing and in the hallway of the RCDC "to provide privacy during these searches." Essentially that claim is that the fourth amendment is violated by the failure to use privacy screens and that the failure to use privacy screens is the same as no privacy.

This fails to state a claim because not only is it illogical, there has been no such determination in this or any other jurisdiction.

**AN ADEQUATE REMEDY IS ALREADY AVAILABLE IN THE KIM YOUNG CASE**

The plaintiffs in this case <u>are already members of the class certified in the case *Kim Young et al. v. County of Cook*, 06 CV 552</u>. In that case, Judge Kennelly has certified a class of all detainees who were strip searched in a manner alleged to afford no privacy from other detainees using methods that are unreasonable and punitive. [See *Young et al.* Doc 92 page 9 of

4

16.] Therefore, Streeter and Bryant, who entered the CCDOC during the class period, which began January 30, 2004, have an adequate remedy at law by virtue of being class members of the *Young* class. In every case in which the plaintiff wants a preliminary injunction he must show that he has "no adequate remedy at law," and (unless the statute under which he is suing excuses a showing of irreparable harm, as in *Illinois Bell Tel. Co. v. Illinois Commerce Comm'n*, supra, 740 F.2d at 571) that he will suffer "irreparable harm" if the preliminary injunction is not granted. The absence of an adequate remedy at law is a precondition to any form of equitable relief. Streeter and Bryant have an adequate remedy at law in the Young case. The members of the class they seek to represent have not opted out of the Young litigation, therefore they remain plaintiffs in the *Young* litigation and consequently cannot be represented by Streeter and Bryant on the same class issues raised in Young and Bullock and Harper.

## PLAINTIFFS HAVE LESS THAN A THEORETICAL CLAIM

Because the Constitutional standards applicable to pretrial detainees and prisoners are the same following *Hart v. Sheahan*, 396 F.3d 887 at 893 (7th Circuit 2004) the court should follow the 7th Circuit precedent in *Peckham v. Wisconsin Dept. of Corrections*, 141 F.3d 694 (7th Circuit 1998) where it upheld strip searches when a new prisoner arrived at the jail <u>or returned to jail from a doctor's visit or from court</u>. The correct standard is the not the 4th Amendment but the 14th amendment, which requires an evaluation of whether the act in question "shocks the conscience". "Our cases thus establish that the protections of the Fourth Amendment apply at arrest and through the *Gerstein* probable cause hearing, due process principles govern a pretrial detainee's conditions of confinement after the judicial determination of probable cause, and the Eighth Amendment applies following conviction." *Lopez v. City of Chicago*, 464 F.3d 711, 719 (7th Cir. 2006).

Clearly that plaintiffs are not entitled to any relief at all because it is not "well settled" that the Constitution is violated by conducting jail strip searches without privacy screens. Strip searches are permissible so long as they are motivated by legitimate penological concerns and performed in a reasonable manner. *Peckham v. Wisc Dept of Corr.,* 141 F.3d 694 697 (7th Cir. 1998). In addition, the Seventh Circuit has warned that jail management is not and should not be the focus of a Federal Court, see *Block v. Rutherford*, 468 U.S. 576, 104 S. Ct. 3227, 3232, 82 L. Ed. 2d 438 (1984); *Procunier v. Martinez*, 416 U.S. 396, 404-05, 40 L. Ed. 2d 224, 94 S. Ct. 1800 (1974); *Rhodes v. Chapman*, 452 U.S. 337, 351 n. 16, 69 L. Ed. 2d 59, 101 S. Ct. 2392 (1981) and *Duran v. Elrod*, 760 F.2d 756, 759 (7th Cir. 1985).

In addition, the statutes of Illinois mandate strip searches of detainees, the very thing Plaintiffs seek to prevent: "Detainees permitted to leave the confines of the jail temporarily, for any reason, shall be thoroughly searched prior to leaving and before re-entering the jail." 20 Ill. Adm. Code 701.140 (a). The words from the County Jails Act (a statute of the State of Illinois) "for any reason" must include going to and from courtrooms.

Plaintiffs allege that they were subjected to group strip searches which they claim are improper. This allegation does not mean likely success. In *Adams v. County of Sacremento*, the Plaintiff raised various claims concerning conditions while he was held at the Sacramento County Main Jail. On January 19, 2007, plaintiff filed a motion for summary judgment only as to his claims that he was allegedly subjected to five unlawful group strip searches[2]. The court

---

[2] Adams alleged that from June 17, 2002 to about March 10, 2003, he was subjected to unlawful group strip searches on five different occasions. (Pl.'s Mot. at 2.) The first search was on June 17, 2002, at booking, in a "group setting of other detainees." (Id., Pl.'s Decl. at 1.) The second and third strip searches occurred between July and December 2002, "following a fight between two other detainees." (Id.) Plaintiff contends he was not a party to the fight, but that all remaining detainees were searched after the offending detainees were removed. (Id.) The fourth search was in December 2002, following visit with plaintiff's counsel. (Id.) Plaintiff was the only one strip searched on this occasion, but his search was witnessed by other detainees and staff. (Id.) The fifth time, plaintiff was strip searched in a group of other detainees returning from federal court. (Id., Pl.'s Decl. at 2.)

denied plaintiff's motion for summary judgment on liability. *Adams v. County of Sacramento*, 2007 U.S. Dist. LEXIS 15666, 7-8 (D. Cal. 2007).

Based on similar reasoning, the district court in *Black v. Franklin County*, 2005 U.S. Dist. LEXIS 26362, 2005 WL 1993445 (E.D. Ky. August 16, 2005), dismissed the claims of inmates and/or pretrial detainees who were strip searched after returning to jail from work release or from court appearances finding that those searches did not violate the plaintiffs' constitutional rights. *Sutton v. Hopkins County*, 2007 U.S. Dist. LEXIS 3150 (D. Ky. 2007).

Recently, the Eleventh Circuit sitting en banc in a jail strip search case observed: "Most of us [meaning judges] are uncertain that jailers are required to have a reasonable suspicion of weapons or contraband before strip searching -- for security and safety purposes -- arrestees bound for the general jail population . . . . <u>Never has the Supreme Court imposed such a requirement</u>. See *Bell v. Wolfish,* 441 U.S. 520, 559-60, 99 S. Ct. 1861, 1884-1885, 60 L. Ed. 2d 447 (1979)  (rejecting claim that strip search policy at a federal jail for mostly pretrial detainees violated the Fourth Amendment *per se*) *Evans v. Stephens*, 407 F.3d 1272, 1278-1279 (11th Cir. 2005) [emphasis supplied].

The *Bell* court applied a balancing test between the limited privacy interests of detainees and the safety and security concerns of the jail. In striking the balance, the Court weighed "the privacy interests of the inmates," Id. at 560, 99 S. Ct. at 1885—"the scope of the particular intrusion, the manner in which it is conducted, . . . and the place in which it is conducted," against "the significant and legitimate security interests of the institution," Id. at 560, 99 S. Ct. at 1884-1885. In the end, the *Bell* Court concluded that those security interests of the detention facility outweighed the privacy interests of the pretrial detainees.

Even the case frequently cited by Plaintiffs, *Mary Beth G.* makes the following observation: "Although the majority in *Wolfish* did uphold the strip searches conducted there on less than probable cause, the detainees were awaiting trial on *serious federal charges* after having failed to make bond and were being searched after contact visits." *Mary Beth G. v. Chicago*, 723 F.2d 1263, 1272 (7th Cir. 1983) [emphasis supplied]. The *Mary Beth G.* decision was intended to defeat the argument that searches incident to arrest by police could not be justified based on a mere possibility that the women would be later incarcerated in a jail. In the case of persons already incarcerated in a jail after arraignment, *Bell* and *Peckham* hold that strip searches are permissible.

In the case before this court, the Plaintiffs are charged with serious felonies and have returned from contact visits. In other words they are already in custody with an opportunity to receive contraband and weapons, and this post court appearance search is no longer a search incident to arrest. Although the Seventh Circuit has not specifically addressed the issue of whether group strip searches are unreasonable under the analysis of *Bell*, and its progeny, there has been a considerable jurisprudence on the deference given to jailors on just how to run the jail.

## CONCLUSION

The Amended Complaint fails to state a cause of action because the law does not require privacy screens, only reasonableness in conducting strip searches. Plaintiffs fail to state a cause of action because they are detainees held on serious felony charges who can be constitutionally strip searched upon return from Court as mandated by state law and authorized by *Bell v. Wolfish*.

**WHEREFORE,** defendants Thomas Dart, SHERIFF OF COOK COUNTY and County of Cook, pray that this Honorable Court Dismiss the Amended Complaint and order the Plaintiffs to pay costs and attorneys fees for the defense of these matters.

                                            Respectfully Submitted,
                                            RICHARD A. DEVINE
                                            State's Attorney of Cook County

                        By:     s/Francis J. Catania
                                            Francis J. Catania
                                            Assistant State's Attorney

ASA Francis J. Catania ARDC#6203188
Cook County State's Attorney's Office
Richard J. Daley Center
50 W. Washington Street Room 500
Chicago, Illinois 60602
(312) 603-6572