## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| Charles Streeter, Keith Bryan, Artis Jackson, individually and on behalf of a class, | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 08 C 732 |
| vs. | ) ) ) | Judge Ruben Castillo Magistrate Cole |
| Sheriff of Cook County, and Cook County, Illinois, | ) ) ) ) ) | |
| Defendants. | ) | |

## PLAINTIFFS' RESPONSE AND OBJECTIONS TO DEFENDANTS' MOTION TO TRANSFER CASE BASED ON RELATEDNESS

Now comes the Plaintiffs, by and through their attorneys, Thomas G. Morrissey, Ltd.,

Robert H. Farley, Jr., Ltd., and Kenneth N. Flaxman, and files this Response and Objections to

Defendants' Motion to Transfer this case based on relatedness, and states as follows:

### Introduction

The Plaintiffs in the *Streeter* case are current or former pretrial detainees in Division Five

at the Cook County Department of Corrections. As a pretrial detainee at the Jail, the Plaintiffs

were subjected to group strip searches, which afforded no privacy after returning from Court.

The Plaintiffs, are not challenging the defendants' right to conduct strip and cavity searches at the

Jail but rather maintains that the searches are unreasonable under the Fourth Amendment because

the strip searches in Division Five are conducted in a highly intrusive manner due to the fact that

upwards of 45 pretrial detainees are searched together which affords no privacy to the pretrial

1

detainees being searched.  On information and belief, the Defendants' changed this policy on December 20, 2007 and now only conduct strip searches utilizing individual partitions.

The Plaintiffs in the *Young* case are challenging the strip search policies of the Sheriff as "new detainees" being first processed into the Jail.  The Plaintiffs in *Young,* are not challenging the strip search policies of the Sheriff as it relates to male inmates ("court returns") after being processed into the Jail.

## Current Status of *Streeter*

Plaintiffs filed an Amended Complaint on April 15, 2008.  (Doc. 22)  The Defendants have filed a Motion to Dismiss the Amended Complaint.  (Doc. 26).  Judge Castillo has given the Plaintiffs until May 28, 2008 to respond to the motion to dismiss and the Defendants have until June 11, 2008 to reply, and the Court will rule by mail.  (Doc. 28)

The Plaintiffs will be filing in the near future, a Motion for Class Certification seeking certification on the following class:

> All male inmates who were subjected to a strip and visual body cavity search in a group setting in Division 5 after returning to the Jail following a court appearance with no privacy on or after February 3, 2006.

It is anticipated that upon the filing of a motion for class certification, the Court will set a briefing schedule.

To date, the Plaintiffs have not yet engaged in discovery.  When Plaintiffs commence discovery, the Plaintiffs will be seeking discovery, including but not limited to, the strip search policies and practices of the Sheriff as it relates to strip searching "court returns" at all the Divisions (male and female) at the Jail.

2

### Local Rule 40.4(b)

Assuming for the sake of argument that this case is related to *Young* in that "the cases involve some of the same issues of fact or law" (LR. 40.4(a)(2)),  regarding the public strip searching of inmates at the Jail, the moving party must also meet each of the four criteria specified in LR 40.4(b) before a case will be reassigned.  The moving party cannot meet two of the four criteria.  First, the *Young* case has been pending for over two years and the parties in *Young* have until August 1, 2008 to file their motions for summary judgment.  (Doc. 175 - *Young*)  The *Young* case has progressed to the point where designating the *Streeter* case as related would likely delay the proceedings in the *Young* case.  In *Streeter,* assuming the Amended Complaint is not dismissed and assuming the case is certified as a class action, Plaintiffs counsel will need to obtain class discovery as it relates to the identity of class members in order to mail opt out notices to the class.  Also, Plaintiffs counsel in *Streeter*, do not anticipate that discovery (fact and expert) would be completed before the end of the year in 2008.

Secondly, the handling of both cases by the same judge is not likely to result in a substantial saving of judicial time and effort, as the Court in *Streeter* will need to rule on the pending motion to dismiss.  The Plaintiffs' anticipate that the Defendants will also oppose class certification which will require a ruling by the Court.  Based upon prior litigation with the Sheriff, the Plaintiffs' anticipate there will likely be discovery disputes which will need to be ruled upon and which undoubtedly will add to the length of the *Streeter* proceedings.

WHEREFORE, the Plaintiffs in *Streeter* request that this Court denies the Defendants' Motion to Transfer based on relatedness under Local Rule 40.4.

Respectfully submitted,

*/s/ Thomas G. Morrissey*
One of the Attorneys for Plaintiffs

Thomas G. Morrissey
Thomas G. Morrissey, Ltd.
10249 S. Western Avenue
Chicago, IL 60652
Phone: 773-233-7900
Fax:    773-239-0387

Robert H. Farley, Jr.
Robert H. Farley, Jr., Ltd.
1155 S. Washington
Naperville, IL 60540
Phone: 630-369-0103
Fax:    630-369-0195

Kenneth N. Flaxman
200 S. Michigan Ave., Ste. 1240
Chicago, IL 60604
312-427-3200

4

## CERTIFICATE OF SERVICE

I, Robert H. Farley, Jr., Attorney for the Plaintiffs, deposes and states that he caused the foregoing Plaintiffs' Response and Objections to Defendants' Motion To Transfer case based on relatedness to be served on counsel of record, by electronically filing said document with the Clerk of the Court using the CM/ECF system, this 19th day of May, 2008.

*/s/ Robert H. Farley, Jr.*

Attorney for the Defendants

Mr. Francis J. Catania
Cook County State's Attorney's Office
50 W. Washington Street, Room 500
Chicago, IL 60602
312-603-6572