<pre>
                    IN THE UNITED STATES DISTRICT COURT
                   FOR THE NORTHERN DISTRICT OF ILLINOIS
                              EASTERN DIVISION
</pre>

Charles Streeter, Keith Bryan, Artis )
Jackson, individually and on behalf of a class, )
)
)
　　　　　　　　　　Plaintiffs, ) No. 08 C 732
)
　　vs. ) Judge Ruben Castillo
) Magistrate Cole
)
Sheriff of Cook County, and Cook County, )
Illinois, )
)
)
　　　　　　　　　　Defendants. )

## PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT

Now comes the Plaintiffs, by and through their attorneys, Thomas G. Morrissey, Ltd., Robert H. Farley, Jr., Ltd., and Kenneth N. Flaxman and respond to the Defendants' Motion to Dismiss as follows:

**1. Introduction.**

Plaintiffs individually and on behalf of a class are current and former pretrial detainees housed in Division 5 at the Cook County Department of Corrections. Plaintiffs are not challenging the propriety of the Sheriff's policy of conducting strip searches of male detainees returning to Division 5 following their court appearances but rather claim that the manner in which the searches were conducted were unreasonable under the Fourth and Fourteenth Amendments. (Amended Complaint pars. 2, 23) The Plaintiffs maintained that the searches are

1

conducted in a highly intrusive manner due to the fact that upwards of 45 pretrial detainees are searched together, for an extended period of time, which affords no privacy to the pretrial detainees being searched.

In Count Two of the Amended Complaint, Plaintiffs claim that their rights to Equal Protection under the Fourteenth Amendment were violated because the searches of male detainees were done in public, in a degrading manner which was significantly different than the manner in which the Sheriff searched female detainees in private using privacy screens. (Amend. Compl. par. 28)

### 2. Defendants' Concedes That Plaintiffs' Have Satisfied The Pleading Standards And Admit That The Plaintiffs Have Stated A Claim Upon Which Relief Can Be Granted.

The Defendants' filed a Motion to Transfer this case based on relatedness and admitted in that motion that the Plaintiffs have satisfied the pleading standards.[1] The Defendants' state:

> Plaintiffs Streeter and Bryant have barely plead enough factual matter to show his claim is even plausible. (They must plead enough to raise a relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (U.S. 2007). However, they pleaded that their claim is whether strip-searching in jails is constitutionally improper where it is not conducted utilizing privacy screens. Pleading thus Mr. Morrissey has merely replicated the claim in *Young.*"
> (See Exhibit "A" - Def. Motion to Transfer Based on Relatedness, at page 5)

Additionally, Defendants' assertion that the Plaintiffs have failed to state a claim in which relief may be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure is inconsistent with their position that the Plaintiffs have an adequate remedy available in *Young et al. v. County of Cook*, 06 C 552 (Kennelly, J.) as putative class members. (Def. Motion to Dismiss at page 5) In *Young*, two class were certified and the Court summarized the nature of the first class as

---

[1] Judge Kennelly denied the Defendants' Motion To Transfer on May 22, 2008.

2

follows:

> The claims of proposed class one concerns not the propriety of conducting a strip search but rather the manner in which searches were conducted. In a nutshell, the claims of this class are that Jail officials searched all men in an unreasonable and unnecessary degrading manner and that the disparities between the search procedures for male and female detainees lack a substantial relationship to an important state purpose. *Young,* 2007 U.S. Dist. Lexis 31086 *13 (April 25, 2007).

### 3. The Amended Complaint Satisfies The Pleading Standards Of Rule 8 Of The Federal Rules Of Civil Procedure.

Defendants' assert that the Supreme Court's recent decision in *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1965 (U.S. 2007) requires that "factual allegations must be enough to raise a right to relief above the speculative level." and the "plaintiffs have pleaded a barely speculative cause of action." (Defs. Mot. to Dismiss at page 3)   Plaintiffs Amended Complaint complies with the notice pleading standards of Rule 8(a)(2) as follows:

Plaintiff begins his Amended Complaint by explaining the factual background for his claims:

> 2. The Plaintiffs, are not challenging the defendants' right to conduct strip and cavity searches at the Jail but rather maintains that the searches were unreasonable under the Fourth Amendment because the strip searches in Division Five were conducted in a highly intrusive manner due to the fact that upwards of 45 pretrial detainees were searched together which affords no privacy to the pretrial detainees being searched.
>
> 3. Prior to December 20, 2007, the Sheriff provided privacy to the following groups of pre-trial detainees when they were strip searched:
>
>> a)   Since 2001, all searches of female detainees returning to the housing division have been conducted with privacy screens and done individually.
>>
>> b)   Since February, 2007, all searches of newly admitted male inmates

> have been conducted with privacy screens. Each day approximately 240-300 newly admitted detainees are searched behind privacy screens erected in the hallway of the Receiving, Classification and Diagnosis Center ("RCDC").
>
> 4. The Plaintiffs and the class they seek to represent, were strip searched in the Clothing Room in Division Five upon their return to the Division from Court. The Clothing Room in Division 5 is a large, self-contained room with one door. The Sheriff used the Clothing Room in Division 5 to conduct strip searches of upwards of 45 male inmates at a time without any privacy. Upon entering the room, the men were ordered to line up against the wall, and remove all their clothing. The men were then ordered to extend their arms and legs apart and to squat three or four times. They remained naked in each other's presence for an extend period of time and the room smelled foul from body odor. The public strip searching of the male detainees prior to December 20, 2007 in Division Five was unreasonable because the Jail could easily have deployed the privacy screens used in the female housing divisions, the hallway of the RCDC for men on the "new" and now apparently used in Division Five to provide privacy during these strip searches.

Plaintiffs then identifies the official policies that are at issue in this case. First, Plaintiffs challenges the fact that they were subjected to a degrading strip search with upwards of 45 inmates with no privacy. (Amend. Comp. par. 18) Secondly, the Plaintiffs pled that by instituting and continuing the group strip and cavity search procedures identified above for male inmates in Division 5 and by using privacy screens when strip searching female inmates, the Sheriff has violated the right to equal protection of the Plaintiffs and members of the class. (Amend. Compl. par 28)

Plaintiffs also identify how they were injured by these official policies in the Amended Complaint.

> 32. As a direct and proximate result of the Sheriff's policies, practices and procedures, the Sheriff subjected the Plaintiffs and members of the class to unreasonable body searches which were demeaning, dehumanizing, undignified, humiliating, terrifying, unpleasant, embarrassing, repulsive,

signifying degradation and submission.

Accordingly, the Court should reject the Defendants argument that the Plaintiffs have not complied with Rule 8(a)(2).

### 4. Plaintiffs' Claim Under The Fourth Amendment.

In *Bell v. Wolfish,* 441 U.S. 520 (1979), the Supreme Court identified the framework in which searches of pretrial detainees in custody are to be analyzed.

> The test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application. In each case, it requires a balancing of the need for the particular search against the invasion of personal rights that the search entails. Courts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted. *Id.* at 559 (citations omitted).

*Bell* recognizes that even in cases where routine strip searches are justified by legitimate security concerns, they nevertheless "must be conducted in a reasonable manner." *Id.* at 560.

In the instant case, the Plaintiffs maintain that the Sheriffs strip search policy is unreasonable because it is done in a highly intrusive manner with upwards of 45 pretrial detainees searched together in public. (Amend. Compl. par. 2) As previously stated, the Plaintiffs do not contest the Sheriff's right to conduct strip searches of court returns. (Amend. Compl. par. 2). In *Campbell v. Miller,* 499 F.3d 711(7th Cir. 2007), the Seventh Circuit recently addressed whether an otherwise permissible strip search of an individual suspected of possessing marijuana was unreasonable because it was done in public. The Court held:

> There is no dispute in this record that the search was conducted in an area where Campbell's friend was able to watch and where others could have done so as well. Moreover, there was nothing before the jury that suggested any conceivable exigency that could be met only by strip-searching Campbell in public, on the spot. In our view, those factors conclusively tip the balance under *Wolfish*

in Campbell's favor. *Campbell* at 719.

The Court in *Campbell* stated that "Courts across the country are uniform in their condemnation of intrusive searches performed in public," and cited to a number of court decisions (*Islander; Logan* and *Hill*) finding a "public" intrusive strip search were conducted at a police station; county detention center; and a jail. *Campbell* at 719.

Under facts similar to the present case, the plaintiffs in *Young* claim that the manner in which inmates coming into the Cook County Jail are strip searched is unreasonable under *Bell*. In denying the defendants motion to dismiss, the Court in *Young* held:

> Taking these allegations as true and balancing them with the facts relevant to our consideration of the other three *Bell* factors, Johnson's strip search allegations state a claim on which relief may be granted. In short, without the benefit of evidence concerning the Sheriff's need to conduct strip searches in the manner performed, the Court cannot determine whether the search performed on Johnson was conducted in a reasonable fashion. For these reasons, Johnson's strip search allegations state a claim on which relief may be granted. *Young v. County of Cook*, No. 06 C 552, Slip Op at p.10-11 (N.D. Il. Aug. 25, 2006)

Defendants' argument that the Fourth Amendment is inapplicable to strip searches of pretrial detainees was rejected by the Seventh Circuit in *Peckham v. Wisconsin Dept. Of Corrections,* 141 F. 3d 694, 697 (7th Cir. 1998). (Def. Mot. to Dismiss at page 5)  Furthermore, Defendants' claim that "the statues of Illinois mandate strip searches of detainees" is simply wrong. (Def. Mot. to Dismiss at page 6)  There is nothing in the Illinois Administrative Code 701.140 (a) which on its face compels strip searches, as all the code requires is a "thorough search."

The Plaintiffs's Amended Complaint states a claim under the Fourth Amendment considering whether the manner in which the strip searches were conducted was reasonable. The

Plaintiffs' Amended Complaint also states a claim under the Fourteenth Amendment when the Plaintiff male inmates were not afforded privacy during their strip searches when female inmates were afforded privacy during their strip searches.

For the foregoing reasons stated above, the Court should deny the Defendants' Motion to Dismiss Plaintiffs' Amended Complaint.

Respectfully submitted,

/s/ *Thomas G. Morrissey*
One of Plaintiffs' Attorney

Thomas G. Morrissey, Ltd.
10249 S. Western Avenue
Chicago, IL 60643
(773) 233-7900

Robert H. Farley, Jr., Ltd.
1155 S. Washington
Naperville, Il. 60540
(630) 369-0103

Kenneth N. Flaxman
200 S. Michigan Ave., Ste. 1240
Chicago, IL 60604
(312) 427-3200

## CERTIFICATE OF SERVICE

      I, Robert H. Farley, Jr., one of the Attorneys for the Plaintiffs, deposes and states that he caused the foregoing Plaintiffs Response to Defendants' Motion to Dismiss to be served by electronically filing said document with the Clerk of the Court using the CM/ECF system, this 23rd day of May, 2008

/s/ <u>*Robert H. Farley, Jr.*</u>

Mr. Francis Catania
Office of the State's Attorney
500 Richard J.Daley Center
Chicago, Il. 60602