# EXHIBIT "A"

Case 1:08-cv-00732   Document 30-2   Filed 05/23/2008   Page 1 of 3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Charles Streeter and Keith Bryant individually and on behalf of a class,   ) ) ) | |
| Plaintiffs,   ) ) | |
| vs.   ) ) ) | No. 08 C 732 |
| | Judge Matthew F. Kennelly |
| SHERIFF OF COOK COUNTY, ) And COOK COUNTY ILLINOIS   ) ) | (vis-à-vis Judge Ruben Castillo) |
| Defendants.   ) ) | |

**DEFENDANTS' MOTION TO TRANSFER THE AMENDED COMPLAINT
BASED ON RELATEDNESS – updated version**

**NOW COME the Defendants, Sheriff of Cook County and County of Cook**, by their attorney, RICHARD A. DEVINE, State's Attorney of Cook County, and through his assistant, Francis J. Catania, and pursuant to F.R.C.P. Rule 40 and 42 and Local Rule 40.4, move this court to find that this case is related to the litigation pending in *Young et al., v. County of Cook, et al.,* 06 CV 552 and pursuant to Northern District of Illinois Local Rule 40.4 transfer the matter to be heard along with the matter now pending on Judge Matthew F. Kennelly's call. In support thereof Defendant states as follows:

In the Amended Complaint [Attached as Exhibit], Plaintiffs maintain "that the searches are unreasonable under the Fourth Amendment because the strip searches in Division Five were conducted in a highly intrusive manner due to the fact that upwards of 45 pretrial detainees were searched together which affords no privacy to the pretrial detainees being searched."

In *Kim Young et al. v. County of Cook et al.*, 06 CV 552, a class action alleging 4th and 14th Amendment violations for strip searches of detainees who are entering the general jail population following arraignment the very same issues are being dealt with by a plaintiffs'

1

Both the *Young* case and this case are pending in the United States District Court Northern District Illinois. Substantial savings of judicial time and effort will result by the judge if both cases are handled by Judge Kennelly (the judge assigned to the earlier number case). Judge Kennelly has already consolidated another case on his call with the *Young* case: *James Kelly v. Sheriff*, 06 CV 2274, recognizing that it raised similar issues to the *Young* claims. The earlier case has not progressed to the point that it will delay the *Young* case. The *Young* case is still in fact discovery, and the date for dispositive motions was re-set to a future date. Also the court has bifurcated liability discovery from damages discovery meaning there still will be ample time to conduct additional discovery if needed. Additionally no trial date has been set yet. All the witnesses in the *Young* case will be the same in the *Streeter* case because the area of the jail complex is space within the same Division V of the jail and specifically the Receiving/Classification and Diagnostic Center. Delay, if any, is not likely to be substantial. Finally, both cases involving the same class members and the same legal and factual questions are supremely susceptible to resolution in a single proceeding.

Plaintiffs *Streeter* and *Bryant* have barely pleaded enough factual matter to show the claim is even plausible (they must plead enough to raise a right to relief above the speculative level *Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (U.S. 2007)* however, they have pleaded that their claim is whether strip-searching in jails is constitutionally improper where it is not conducted utilizing privacy screens. Pleading thus, Mr. Morrissey has merely replicated the claim in *Young*. He may suggest that the *Streeter* claim is distinguishable because it occurs at a different time in a different specific location. As the chart shows, the time period is essentially the same and the location is an even more private space being a room with a single door. Mr.

5