IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Charles Streeter and Keith Bryant individually and on behalf of a class, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) No. 08 C 732 ) ) Judge Ruben Castillo |
| SHERIFF OF COOK COUNTY, And COOK COUNTY ILLINOIS | ) Magistrate Cole ) ) |
| Defendants. | ) ) |

**DEFENDANT'S REPLY IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**

**NOW COME the Defendants, Sheriff of Cook County and County of Cook**, by their attorney, RICHARD A. DEVINE, State's Attorney of Cook County, and through his assistant, Francis J. Catania, and pursuant to F.R.C.P. Rule 12(b)(6), and in Reply to Plaintiffs' Response to the Motion to Dismiss the Amended Complaint, move this court again to dismiss the Amended Complaint for failure to state a claim upon which relief may be granted. In support thereof Defendant states as follows:

The Amended Complaint admits that the Sheriff has is a legitimate penological basis for conducting strip searches on persons detained in the Cook County Department of Corrections following court appearances [*see* Amended Complaint paragraph 2]. This same admission is reiterated in the Plaintiffs' response.

Plaintiffs, in a highly nuanced characterization of strip searches say, they "are not challenging the defendants' right to conduct strip and cavity searches at the jail but rather maintains that the searches are unreasonable under the Fourth Amendment because the strip searches in Division Five were conducted in a highly intrusive manner due to the fact that

1

upwards of 45 pretrial detainees were searched together which affords no privacy to the pretrial detainees being searched."

## ARGUMENT

Plaintiffs have failed in their Response show how they state a claim upon which relief may be granted. As we know, "a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (U.S. 2007).

The Plaintiffs have gone outside the four-corners of the amended complaint as well as the Defendants' Motion to Dismiss and point to the Motion to Transfer Based on Relatedness heard by Judge Kennelly to suggest that Defendants admit the sufficiency of the claim. In fact, this is not a valid position because a fair reading of the quoted text shows that the only basis of the claim is that the searches are conducted without privacy screens. For the reasons that follow, this has not ever been determined to be a claim upon which relief can be granted.

First, in quoting the order of Judge Kennelly [see page 3 of the Plaintiffs' Response] plaintiffs highlight that one issue in *Young* is "the manner in which searches were conducted." This again is the precise issue raised in this case before this Honorable court. If Plaintiffs were intellectually honest with the court their footnote at the bottom of page 2 would disclose the fact that Judge Kennelly denied the Motion to Transfer solely because the Young case was far along in discovery and that this Court had the Defendants' motion to dismiss still pending.

2

Second, no court has concluded that "group strip searches" with or without privacy screens violate the constitution, regardless of which standard, 4th, 8th or 14th Amendment standards are applied.

One Court reviewing this theory did so under the guise of pre-arraignment searches and searched of persons released from custody. The precise quote from the San Bernardino case is instructive on how such claims do not state a viable cause of action.

> The fifth class finally certified by the Court was the policy of conducting strip/visual body cavity searches in a group. (See Class "e", above, Group Strip Search Class.) This class was not separately briefed on summary judgment, but was considered on that motion only as it was a factor in the *pre-arraignment* and *post-release searches*. While there is ample law on the fact that privacy is a factor in the overall assessment of the constitutionality of a strip search (see, e.g., *Craft v. County of San Bernardino*, 468 F.Supp.2d 1172, 1176 (C.D. Cal. 2006)(citing cases for fact that group nature of strip searches of pre-arraignment arrestees is a factor in determining that the searches violated the Fourth Amendment), <u>there is very little stating that a strip search in a group setting is in and of itself a constitutional violation</u>. Plaintiffs have called only two cases to the Court's attention finding a policy of group strip searches unconstitutional, despite language in many others implying that conclusion. One is a 22 year old case granting an injunction, and the other is a case after this action was filed on a motion to dismiss (in which Mr. Litt is also counsel). <u>Neither is a court of appeals decision</u>. See *Smith v. Montgomery County, Md*., 547 F.Supp. 592, 599 (D.Md. 1982) (Smith I) . . and *Jones v. Murphy*, 470 F.Supp.2d 537, 548 (D.Md. 2007).
> . . .
>     <u>As a general proposition, "the case law in this area [jail strip searches] is far from stable</u>." *McBean v. City of New York*, 233 F.R.D. 377, 387 (S.D.N.Y. 2006) (approving class settlement, and noting that the leading case in the Second Circuit on the issue had been from a divided panel, with one judge dissenting and one concurring based on established precedent). See also *Evans v. Stephens*, 407 F.3d 1272 (11th Cir.2005) (en banc) (suggesting in dicta that entry into the general population may be a *per se* justification for a strip/visual body cavity search but not deciding the issue in that case). The instability of the case law in this area is clearly illustrated by the history of *Powell v. Barrett*, supra, 496 F.3d 1288 (11th Cir. 2007) (finding no qualified immunity for policies of routinely strip searching pre-arraignment and post-release inmates). The Eleventh Circuit granted rehearing en banc in the case on February 1, 2008, although no motion for rehearing was filed. The Circuit's grant of en banc review in such circumstances suggests the possibility that the Eleventh Circuit will adopt a markedly different analysis from that of the Ninth and other Circuits in this complex and difficult

area of the law. *Craft v. County of San Bernardino*, 2008 U.S. Dist. LEXIS 27526, 12-13 (C.D. Cal. Apr. 1, 2008). [emphasis supplied throughout].

Of course, no Seventh Circuit case can be cited as determining that such strip searches are unconstitutional. There is clear Illinois precedent on this area of law, however. It has been found by the Illinois appellate court that the strip search of a detainee was reasonable and constitutional in a criminal case arising out of contraband in a jail. There the court found that "if correctional officers failed to conduct such searches prior to placing detainees into the general jail population, other inmates as well as correctional officers could be at serious risk." Citing *Ashley v. Snyder*, 316 Ill. App. 3d 1252, 1259, 739 N.E.2d 897, 903, 250 Ill. Dec. 900 (2000) where the Appellate Court wrote that a prisoner's most important right was "the right to be free from violence and terror at the hands of other inmates. The Court then found that depriving jail and prison administrators of the power to conduct strip searches like that conducted in the present case would seriously impede such administrators as they attempted to protect their inmate populations. *People v. Calvert*, 326 Ill. App. 3d 414, 424 (Ill. App. Ct. 4th Dist. 2001).

As a side note, Plaintiffs state that the Fourth Amendment standard is applicable, but this is not supported by their reading of *Peckham v. Wisconsin Department of Corrections*. Where the *Peckham* court reasoned that the fourth amendment impacts the question based on the balancing of institutional security and individual privacy interests it never reasoned in what manner the 4th amendment impacts the question. Indeed, as noted by the dissent "the rights of seclusion and secrecy vanish at the jailhouse door. A right of privacy in traditional Fourth Amendment terms is fundamentally incompatible with the close and continual surveillance of inmates and their cells required to ensure institutional security and internal order. We are satisfied that society would insist that the prisoner's expectation of privacy always yield to what must be considered the paramount interest in institutional security. We believe that it is accepted

by our society that "loss of freedom of choice and privacy are inherent incidents of confinement." [See *Peckham v. Wisconsin Dep't of Corrections*, 141 F.3d 694, 698 (7th Cir. Wis. 1998)].

**WHEREFORE,** defendants Thomas Dart, SHERIFF OF COOK COUNTY and County of Cook, pray that this Honorable Court Dismiss the Amended Complaint and order the Plaintiffs to pay costs and attorneys fees for the defense of these matters.

>                          Respectfully Submitted,
>                          RICHARD A. DEVINE
>                          State's Attorney of Cook County
>
> By:    s/Francis J. Catania
>                          Francis J. Catania
>                          Assistant State's Attorney

ASA Francis J. Catania ARDC#6203188
Cook County State's Attorney's Office
Richard J. Daley Center
50 W. Washington Street Room 500
Chicago, Illinois 60602
(312) 603-6572

5